

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable I. L. Shelton
County Auditor
Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. O-5053-A
Re: Under the facts submitted can
the commissioners' court of
Johnson County amend the budget?

We have your letter of February 16, 1943, request-
ing the opinion of this department on the above stated ques-
tion and referring to our opinion No. O-5053. Your letter
reads in part as follows:

"I think you are imminently correct in your
opinion and I concur with you but this does not
yet meet the main point in question. The main
question involved is whether or not, under the
existing conditions, the Commissioners' Court
could amend the budget.

"I hold, and I think your various opinions
will bear me out, that the Commissioners Court
cannot amend budgets just to satisfy whims or
desires without any fundamental background. The
salaries attempted to be raised at the regular
meeting in January were fully discussed at the
public hearing of the budget in August 1943, and
two of the officers were present and agreed to
leave the salaries at the old rate but when Jan-
uary rolls around they have a change of heart and
attempt to raise the salaries in excess of the
budget. I am of the opinion, and I think your
various opinions will bear me out in this particu-
lar, this cannot be legally done. I refer to
your Opinion No. O-2617 wherein you specifically
recite grave public necessity. There is no grave

267

public necessity involved in this instance. I
could cite you to others but will not as you
know them better than I. The war was on when
the budget was made therefore that cannot be
claimed as unforeseen and this is the allega-
tion. Again what am I to do with Article No.
1666 of the Revised Civil Statutes. If it is
permissible to amend the budget just to carry
a point or satisfy a whim this Article had just
as well be discarded.

". . . ."

As we understand your request, the commissioners'
court of Johnson County has amended the budget of said county
to take care of certain increases of salary for certain county
officials. It is our further understanding that it is your
contention that as there were no provisions contained in the
original county budget when it was prepared to take care of
any increase in salaries to county officials that the same
cannot now be amended.

This department has repeatedly held that the ques-
tion of "grave public necessity" is a fact question to be
determined primarily by the commissioners' court. It is ap-
parent from your letter that your position is that no "grave
public necessity" existed at the time the county budget was
amended to take care of increase in salaries for certain
county officials and therefore the commissioners' court was
unauthorized to make such amendment. However, on the other
hand it is apparent that the commissioners' court did decide
that they were legally authorized to amend the county budget
and in fact did amend said budget.

This department has held (Opinion No. O-2315) that
the discretion of the commissioners' court is not absolute
authority to expend county funds in the case of an emergency,
and is final, only where the question is debatable or where
the existence of an emergency is unquestionable. However,
said court has no authority to determine and declare that an
emergency exists, and expend county funds therefor, where the
facts clearly show the contrary. Such court has no legal au-
thority to declare an emergency and evade the law, where in
fact, no emergency exists.

Our opinion No. O-1053 defines the terms "grave"
and "public necessity". We enclose a copy of this opinion

Honorable E. L. Shelton, Page 3

for your convenience. Where the existence of grave public necessity is debatable, the acts of the commissioners' court are controlling. Therefore, as above stated, it is our opinion that whether or not the commissioners' court of Johnson County has the authority to amend the county budget under the facts submitted is a fact question to be determined primarily by the commissioners' court.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:mp
Encl.



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN